UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRANDON T. GATES,

                Petitioner,

v.

GREGORY M. BANKS,

                Respondent.

Case No. C20-896-JCC-MLP

REPORT AND RECOMMENDATION

      Petitioner, a detainee at the Island County Jail, filed the instant 28 U.S.C. § 2254 habeas petition seeking dismissal of two cases that are currently pending against him in the Island County Superior Court. (Dkt. # 1-1 at 1 ("no judgment entered as of yet"), 15.) Based on a review of Petitioner's habeas petition, it is clear this action should be dismissed.

      Section 2254 provides that federal courts may consider petitions for writ of habeas corpus "on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, a state-court judgment is a prerequisite to bringing a federal habeas action. As Petitioner has not yet been convicted in state court, he cannot maintain this action.

      Furthermore, before seeking federal habeas relief, a state prisoner must exhaust the remedies available in the state courts. A prisoner may properly exhaust his state remedies by

REPORT AND RECOMMENDATION - 1

1  "fairly presenting" his federal habeas claims in each appropriate state court, including the state
2  supreme court with powers of discretionary review, thereby giving those courts the opportunity
3  to act on his claims. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Duncan v. Henry*, 513 U.S. 364,
4  365-66 (1995). "It has to be clear from the petition filed at each level in the state court system
5  that the petitioner is claiming the violation of the federal constitution that the petitioner
6  subsequently claims in the federal habeas petition." *Galvan v. Alaska Dep't of Corrections*, 397
7  F.3d 1198, 1204 (9th Cir. 2005). Petitioner also has not exhausted his state court remedies.

8  Based on the foregoing, the Court recommends that this action be DISMISSED without
9  prejudice. A proposed order accompanies this Report and Recommendation.

10  Objections to this Report and Recommendation, if any, should be filed with the Clerk and
11  served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report
12  and Recommendation is signed. Failure to file objections within the specified time may affect
13  your right to appeal. Objections should be noted for consideration on the District Judge's
14  motions calendar for the third Friday after they are filed. Responses to objections may be filed
15  within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter
16  will be ready for consideration by the District Judge on July 24, 2020.

17  The Clerk is directed to send copies of this Report and Recommendation to Petitioner and
18  to the Honorable John C. Coughenour.

19  Dated this 29th day of June, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge